IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE PEREZ,

    Plaintiff,

vs.                                             CIVIL NO. 01-1364 DJS/RLP

**COLLEEN FRY TAFOYA, KAYJES, INC.,**
**d/b/a CREATIVE LIVING MANUFACTURED**
**HOMES; and CONSECO FINANCE SERVICING**
**CORPORATION,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Colleen Fry Tafoya's Motion to Dismiss or in the alterative Motion for Summary Judgment (Docket No. 19), Defendants Colleen Fry Tafoya and Kayjes, Inc.'s Motion to Stay Proceedings (Docket No. 15) and Motion to Stay Proceedings against Defendant Conseco Finance Servicing Corporation pending Arbitration (Docket No. 23). Defendant Tafoya is seeking an order dismissing her as a Defendant in this matter. The Defendants are seeking a stay in this matter on the grounds that there is a arbitration clause in the contract which requires this dispute to be resolved by binding arbitration. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant Tafoya's Motion to Dismiss will be denied and the Motions to Stay Proceedings will be granted.

Background.

On December 4, 2001, Plaintiff filed this action against the Defendants alleging

1

damages related to the purchase of a mobile home. Plaintiff's Amended Complaint alleges violations of the Truth in Lending Act, 15 U.S.C. §1640(e) and 20 U.S.C. §§1331 and 1337, violation of the Unfair and Unconscionable Trade Practices Act, NMSA 1978 §§57-12-1 *et seq.*, violation of the New Mexico Retail Installment Sales Act, NMSA 1978 §§57-1-1 *et seq.*, fraud in the inducement, and fraud in the execution of the arbitration provision.

Plaintiff makes the following allegations in the Amended Complaint: Plaintiff bought a mobile home from Kayjes, Inc. He agreed to purchase the mobile home by making monthly payments of $500.00 for 20 years. Kayjes, Inc. did not give him a copy of the contract until three months after it had extended to the Plaintiff credit to purchase the mobile home. The first contract he received was in another person's name. Plaintiff complained to Kayjes, Inc. A representative from Kayjes, Inc. presented the Plaintiff with a second contract. In reviewing the contract with the Plaintiff the representative "quickly flipped through the pages." Amended Complaint, ¶16. The contract contained blank spaces. Under "protest and duress" Plaintiff signed the contract because he was lead to believe that failure to sign "would result in the loss of the family home." Amended Complaint, ¶¶17, 42. Plaintiff did not know there was an arbitration clause in the second contract. The terms of the second contract provide for monthly payments in the amount of $584.60 for 30 years.

In addition Plaintiff alleges that Defendant Tafoya personally participated in fraud. Plaintiff asserts he spoke to Defendant Tafoya personally and she promised to finance the mobile home at monthly payments of $500.00 for 20 years. Amended Complaint, ¶11. Plaintiff further asserts that he complained to her personally about the first contract that

2

was not in his name. Id. at ¶¶15 and 17.

In connection with his purchase from Kayjes, Inc., Plaintiff alleges he was presented with two separate retail install contracts and security agreements, both of which were assigned to Conseco. Both contracts contain an identical arbitration provision which include the following:

> 20. Arbitration: All disputes, claims or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration...This arbitration agreement...shall be governed by the Federal Arbitration Act...The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this agreement.

The two contracts are dated December 5, 2001 and March 30, 2001. Plaintiff asserts he did not sign the December 5, 2001 contract but did sign the March 30, 2001 contract. Plaintiff alleges that Conseco canceled the first contract. Amended Complaint, ¶23.

Defendant Tafoya's Motion to Dismiss

Defendant's Motion will be treated as a motion for summary judgment. Fed.R.Civ.P. 12(c) ("If, on motion for judgment on the pleadings, matters outside the pleadings are presented to and are not excluded by the court, the motion shall be treated as one for summary judgment..."). Summary judgment is appropriate when there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must consider all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party; however, that material must contain probative evidence that would allow a trier of fact to find in favor of the nonmovant.

*See* Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 249-50 (1986). The nonmovant may not rest upon its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56( e).

Defendant Tafoya asserts that she was an incorporator, a stockholder, an officer and member of the Board of Directors of Defendant Kayjes, Inc. She further asserts that she did not engage in the sale of manufactured homes except as an officer or employee of Defendant Kayjes, Inc. Plaintiff does not dispute these facts. Rather, Plaintiff argues that a corporate director can be personally liable for participation in tortious conduct by direct action and also approval or ratification of the conduct. Thus, if the officer or director directed, controlled, approved or ratified the activity that led to the injury, he or she can be personally liable. Lobato v. Pay Less Drug Stores, Inc., 261 F.2d 406, 408-09 (10th Cir. 1958).

In support of his Motion Plaintiff submitted an affidavit. In the affidavit he asserts that he made the agreement to pay $500.00 for 20 years with Ms. Tafoya personally. Plaintiff further asserts that he complained to Ms. Tafoya about the first contract that was not in his name and required monthly payments of $584.60 for 30 years. In addition, Plaintiff asserts that Ms. Tafoya personally sent a representative from Kayjes, Inc. with the second contract.

Defendant submitted three affidavits in support of her motion. The first is by another purchaser of a mobile home from Kayjes, Inc., Mr. Jesus Perez. In his affidavit, Mr. Jesus Perez recounts the problems he had when purchasing a mobile home. The circumstances of Mr. Jesus Perez' purchase of a mobile home are not material to the issue

before the Court. The second is by a local manager at Defendant Conseco's, Bob Morgan. Mr. Morgan asserts that the second contract did not contain blanks when it left his office and given to Kayjes, Inc. to obtain Plaintiff's signature. This evidence creates a question of fact as to whether the second contract contained blanks when it was signed by the Plaintiff. The third affidavit is by an employee of Kayjes, Inc., Peter Wynnyk. Mr. Wynnik asserts that he explained all the material provisions of the second contract to the Plaintiff. The affidavit of Mr. Wynnyk creates a question of fact as to what was explained to the Plaintiff when he signed the second contract. The three affidavits are not evidence of the role that Ms. Tafoya played in this transaction and the alleged fraud. Based on the facts in the record, there is an issue of fact as to whether Ms. Tafoya can be held personally liable for the alleged fraud. Thus, Defendant's Motion must fail.

Arbitration.

The purpose of the Federal Arbitration Act is "to overcome courts' refusals to enforce agreements to arbitrate." Allied Bruce Terminex Cos. v. Dobson, 513 U.S. 265 (1995). The Act is intended to place arbitration agreements on the same footing as other contracts. Volt Info. Sciences, Inc. v Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468 (1989). "Section 2 [ of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements.." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). Accordingly, "any doubts concerning the scope of arbitratible issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. at 24-25.

*Waiver.*

Both Defendants have requested a stay of proceedings so this matter can be arbitrated. Plaintiff argues that arbitration is not proper because, *inter alia*, Defendants Tafoya and Kayjes, Inc. waived arbitration. A party asserting waiver under an arbitration agreement bears a heavy burden of proof. Peterson v. Shearson/ American Express, Inc., 849 F.2d 464, 466 (10th Cir. 1998). A court should consider the following factors in determining whether a party has waived its right to arbitration:

(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether judicial discovery procedures not available in arbitration had taken place; and (6) whether the delay affected, misled or prejudiced the opposing party.

Metz v. Merrill Lynch, Pierce, Fenner and Smith, 39 F.3d 1482, 1489 (10th Cir. 1994).

This case was commenced fairly recently and no substantive proceedings have occurred. The Defendants Tafoya and Kayjes, Inc. filed their answer on December 11, 2001. Plaintiff filed an Amended Complaint on February 22, 2002. Defendants Tafoya and Kayjes filed their Motion to Stay and Motion to Dismiss on February 26, 2002. The parties have not met with the Magistrate Judge to discuss pre-trial deadlines. The parties have not engaged in any discovery. Plaintiff has not shown prejudice.

It is black-letter law that arbitration is favored by the courts, and agreements to arbitrate are construed broadly. According any waiver of the right to arbitrate should be clear and unequivocal. In this case, Defendants made it plan from the beginning of the lawsuit that they believed they were entitled to arbitrate the issues.

*Fraud in the execution.*

Plaintiff asserts a second defense to arbitration. He asserts that the contract is a product of "fraud in the execution" which vitiates the arbitration provision. The courts have drawn a distinction between fraud in the execution of a document and fraud in the inducement of a document. If there is fraud in the execution, the parties are not bound by the arbitration clause. <u>Cancannon v. Smith Barney, Harris, Upham & Co</u>., 805 F.2d 998, 999-1000 (11th Cir. 1986). However, if there is fraud in the inducement of the contract, the court must defer to the arbitration process. <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395 (1967)(court must compel arbitration if satified that the making of the agreement for arbitration is not in issue).

Fraud in the execution occurs if "misrepresentation of the character of essential terms of a proposed contract induces conduct that appears to be a manifestation of assent by one who neither knows nor has reasonable opportunity to know of the character or essential terms of the proposed contract." *Restatement (Second) of Contracts* @163 (1981). Fraud in the execution of the instrument exists where the instrument was signed under a mistaken belief as to its contents, due to fraud. <u>Lovato v. Catron</u>, 20 N.M. 168, 148 P. 490 (1915). If the elements of the defense of fraud in the execution are met, the contract in question is not merely voidable it is void *ab initio*. *Restatement* @ 163. If no contract is made, there is no contract to arbitrate.

In distinguishing between "fraud in the inducement" and "fraud in the execution" one court wrote that the "former induces a party to assent to something he otherwise would not have; the latter induces a party to believe the nature of his act is something entirely

7

different that it actually is." Iron Workers' Local No. 25 Pension Fund v. Allied Fence and Security Systems, Inc. 922 F. Supp. 1250 (E.D.Mich. 1996) *citing* 12 *Williston on Contracts* @ 1488, at 332 (3d ed. 1970).

The allegations in Plaintiff's Amended Complaint are allegations of "fraud in the inducement" and not "fraud in the execution." First, Plaintiff does not assert that he did not sign the second contract or that the signature on the second contract is a forgery. On the contrary, Plaintiff concedes he knowingly signed and initialed the second contract. Audio Video Center, Inc. v. First Union Natl'l Bank, 84 F. Supp.2d 624 (E.D.Pa. 2000). Further, Plaintiff's assertion that he was rushed into signing the contract does not support a claim for "fraud in the execution." Id. at 627(signing in haste does not create fraud with respect to the execution of the agreement or its arbitration clause); Rader v. Manufacturers Casualty Ins. Co. 242 F.2d 419, 424 (2nd Cir. 1957). Plaintiff alleges that he signed because he was afraid of losing his home. In assenting to something he otherwise would not have is "fraud in the inducement." The alleged fraud is that the Plaintiff was hurriedly forced to sign the second contract. It is not "fraud in the execution" because he knew he was signing a contract to purchase his mobile home.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Colleen Fry Tafoya's Motion to Dismiss or in the alternative Motion for Summary Judgment is denied.

**IT IS FURTHER ORDERED** that Defendants Colleen Fry Tafoya and Kayjes, Inc., Motion to Stay Proceedings and Motion to Stay Proceedings against Defendant Conseco Finance Servicing Corporation are granted.

**FINALLY, IT IS ORDERED** that this matter is stayed pending resolution of this

matter through binding arbitration.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**